THE PEOPLE v. MUÑOZ.

APPEAL from the District Court of San Juan.

No. 281.—Decided December 1, 1910.

JUDGMENTS IN CRIMINAL CASES—FINE OR ALTERNATIVE IMPRISONMENT.—The manner of compliance with judgments in criminal cases should not be left to the election of the accused. District courts must fix the duration of the alternative imprisonment of the accused, in case he should fail to pay the fine, such imprisonment not to exceed one day for each dollar of the fine remaining unpaid, nor the full limit prescribed by law.

The facts are stated in the opinion.
*Mr. Miguel Guerra* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The defendant, Luis Muñoz Rivera, took an appeal from a judgment of the District Court of San Juan, rendered September 14 last, by which court he was found guilty of the crime of libel, and sentenced to pay a fine of $100 or to suffer three months' imprisonment.

No bill of exceptions nor statement of the case was filed with the record, nor has the appellant made any written or oral allegation in support of the appeal, although his counsel appeared at the hearing and merely asked that the case be decided on its merits.

A simple perusal of the complaint shows the existence of the crime of libel and, inasmuch as the judgment is congruent therewith and the punishment provided by section 244 of the Penal Code has been duly imposed, there was no fundamental error whatsoever committed at the trial.

However, we believe the judgment is not sufficiently explicit, as the choice of payment of the fine of $100 or imprisonment for three months is left to the accused, when the discretionary power to fix the punishment is conferred by law upon the judge alone, and the accused has no choice in the matter.

Then, holding as we do hold that the fine of $100 has been duly imposed upon the accused, we think that the duration of the term of imprisonment which the accused should suffer in default of the payment of the fine should not exceed one day for each unpaid dollar, and in this case not more than three months should have been fixed, in accordance with the provisions of section 322 of the Code of Criminal Procedure.

For the foregoing reasons, this court, exercising the powers vested in it by section 364 of the Code of Criminal Procedure, holds that the judgment appealed from should be modified so that the accused be sentenced to pay a fine of $100, and in case said fine should not be paid, to suffer one day in jail for

each unpaid dollar, such alternative imprisonment not to ex-
ceed three months, with the costs against him.

*Affirmed.*

Justices MacLeary, Wolf and del Toro concurred.
Mr. Justice Figueras did not sit at the hearing of this case.